## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |  |
|---|---|---|
| GEORGIA-PACIFIC CONSUMER PRODUCTS, LP, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:10-cv-2449-MHS |
| SOLARIS PAPER, INC., | ) ) | |
| Defendant. | ) ) ) | |

## DEFENDANT SOLARIS PAPER, INC.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

Defendant Solaris Paper, Inc. ("Solaris"), by counsel, hereby submits the following Answer, Affirmative Defenses, and Counterclaims ("Answer") to the Complaint ("Complaint") filed by Georgia-Pacific Consumer Products, LP. ("Georgia-Pacific"):

## NATURE OF THE ACTION

1.      Solaris admits that the Complaint sets out the purported claims for relief, but Solaris denies that any of these claims has merit.

2.      Solaris admits that Georgia-Pacific brings this action against Solaris. Solaris denies the remainder of the allegations in Paragraph 2.

## INTRODUCTION

3.      Solaris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3, and therefore denies the same.

4.      Solaris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4, and therefore denies the same.

5.      Solaris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5, and therefore denies the same.

6.      Solaris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6, and therefore denies the same.

7.      Solaris admits that it sells an embossed bath tissue under the name "Victoria Bay."  Solaris denies the remainder of the allegations in Paragraph 7.

8.      Solaris denies the allegations in Paragraph 8.

## PARTIES

9.      Solaris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and therefore denies the same.

10.      Solaris admits the allegations in Paragraph 10.

## JURISDICTION AND VENUE

11.      Solaris does not dispute that this Court has jurisdiction over the subject matter of this action.

12.     Solaris does not dispute that this Court has personal jurisdiction over Solaris.

13.     Solaris does not dispute that venue is proper in this Court.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

14.     Solaris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and therefore denies the same.

15.     Solaris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and therefore denies the same.

16.     Solaris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, and therefore denies the same.

17.     Solaris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and therefore denies the same.

18.     Solaris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18, and therefore denies the same.

19.     Solaris denies the allegations in Paragraph 19 that the Quilted Diamond Design is inherently distinctive and is not functional.  Solaris lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19, and therefore denies the same.

20.     Solaris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, and therefore denies the same.

21.     Solaris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21, and therefore denies the same.

22.     Solaris admits that what purports to be a copy of a registration certificate for Registration No. 2,710,741 is attached as Exhibit 1.  Solaris avers that whether the registration is incontestable is a question of law to which Solaris is not required to respond; to the extent Solaris is required to respond, Solaris denies this allegation.  Solaris lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 22, and therefore denies the same.

23.     Solaris admits that what purports to be a copy of a registration certificate for Registration No. 1,778,352 is attached as Exhibit 2.  Solaris avers that whether the registration is incontestable is a question of law to which Solaris is not required to respond; to the extent Solaris is required to respond, Solaris denies this allegation.  Solaris lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 23, and therefore denies the same.

24.     Solaris admits that what purports to be a copy of a registration certificate for Registration No. 1,979,345 is attached as Exhibit 3.  Solaris avers that whether the registration is incontestable is a question of law to which Solaris is not required to respond; to the extent Solaris is required to respond, Solaris denies this allegation.  Solaris lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 24, and therefore denies the same.

25.     Solaris admits that what purport to be copies of registration certificates for Registration Nos. 2,957,128, 2,209,027, 2,968,615, 2,657,013, 2,663,438, 3,642,213, 3,642,378, 2,059,102, 3,517,622, 3,018,501, 3,463,460, 3,532,136, 2,933,048, 3,463,900, 3,463,899, and 1,877,561 are attached as Exhibit 4.  Solaris avers that whether the registration is incontestable is a question of law to which Solaris is not required to respond; to the extent Solaris is required to respond, Solaris denies this allegation.  Solaris lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 25, and therefore denies the same.

26.     Solaris admits that what purport to be assignment documents for all of the registrations in Exhibits 1-4 are attached as Exhibit 5.  Solaris lacks knowledge

or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26, and therefore denies the same.

27.     Solaris admits that what purport to be copies of application Serial Nos. 77/941,022 and 77/941,020 are attached as Exhibit 6.  Solaris lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27, and therefore denies the same.

28.     Solaris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28, and therefore denies the same.

29.     Solaris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29, and therefore denies the same.

30.     Solaris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30, and therefore denies the same.

31.     Solaris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31, and therefore denies the same.

32.     Solaris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32, and therefore denies the same.

33.     Solaris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33, and therefore denies the same.

34.   Solaris admits that what purport to be samples of the materials described in Paragraph 34 are attached as Exhibit 7.  Solaris lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 34, and therefore denies the same.

35.   Solaris admits that what purport to be screen shots of advertising described in Paragraph 35 are attached as Exhibit 8.  Solaris lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 35, and therefore denies the same.

36.   Solaris admits that what purport to be the materials described in Paragraph 36 are attached as Exhibits 7 and 9.  Solaris lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 36, and therefore denies the same.

37.   Solaris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37, and therefore denies the same.

38.   Solaris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38, and therefore denies the same.

39.   Solaris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39, and therefore denies the same.

40.     Solaris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40, and therefore denies the same.

41.     Solaris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41, and therefore denies the same.

42.     Solaris admits that it manufactures and sells bath tissue, but lacks knowledge or information sufficient to form a belief as to whether it manufactures and distributes the bath tissue in the photograph in Paragrah 42.  Solaris therefore denies the remainder of the allegations in Paragraph 42.

43.     Solaris admits that it offers bath tissue with the Victoria Bay design to commercial clients.  Solaris denies the remainder of the allegations of Paragraph 43.

44.     Solaris admits that it sells bath tissue.  Solaris denies the remainder of the allegations in Paragraph 44.

45.     Solaris admits that Georgia-Pacific asserts that it has federal registrations relating to the embossing design on its bath tissue.  Solaris denies the remainder of the allegations in Paragraph 45.

46.     Solaris denies the allegations in Paragraph 46.

47.     Solaris denies the allegations in Paragraph 47.

48.     Solaris admits the allegations in Paragraph 48.

49.     Solaris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49, and therefore denies the same.

50.     Solaris denies the allegations in Paragraph 50.

51.     Solaris denies the allegations in Paragraph 51.

52.     Solaris denies the allegations in Paragraph 52.

53.     Solaris denies the allegations in Paragraph 53.

54.     Solaris denies the allegations in Paragraph 54.

## FIRST CLAIM FOR RELIEF

55.     Solaris repeats and realleges its responses to Paragraphs 1 through 54 as if fully set forth herein.

56.     Solaris denies the allegations in Paragraph 56.

57.     Solaris denies the allegations in Paragraph 57.

58.     Solaris denies the allegations in Paragraph 58.

59.     Solaris denies the allegations in Paragraph 59.

## SECOND CLAIM FOR RELIEF

60.     Solaris repeats and realleges its responses to Paragraphs 1 through 59 as if fully set forth herein.

61.     Solaris denies the allegations in Paragraph 61.

62.     Solaris denies the allegations in Paragraph 62.

63.     Solaris denies the allegations in Paragraph 63.

64.     Solaris denies the allegations in Paragraph 64.

## THIRD CLAIM FOR RELIEF

65.     Solaris repeats and realleges its responses to Paragraphs 1 through 64 as if fully set forth herein.

66.     Solaris denies the allegations in Paragraph 66.

67.     Solaris denies the allegations in Paragraph 67.

## FOURTH CLAIM FOR RELIEF

68.     Solaris repeats and realleges its responses to Paragraphs 1 through 67 as if fully set forth herein.

69.     Solaris denies the allegations in Paragraph 69.

70.     Solaris denies the allegations in Paragraph 70.

## FIFTH CLAIM FOR RELIEF

71.     Solaris repeats and realleges its responses to Paragraphs 1 through 70 as if fully set forth herein.

72.     Solaris denies the allegations in Paragraph 72.

73.     Solaris denies the allegations in Paragraph 73.

74.     Solaris denies the allegations in Paragraph 74.

75.     Solaris denies the allegations in Paragraph 75.

## SIXTH CLAIM FOR RELIEF

76.     Solaris repeats and realleges its responses to Paragraphs 1 through 75 as if fully set forth herein.

77.     Solaris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77, and therefore denies the same.

78.     Solaris denies the allegations in Paragraph 78.

79.     Solaris denies the allegations in Paragraph 79.

80.     Solaris denies the allegations in Paragraph 80.

## GENERAL DENIAL

81.     Solaris denies any allegations not specifically admitted above.

## AFFIRMATIVE DEFENSES

Solaris states the following defenses, without assuming any burden of proof it would otherwise not bear and explicitly reserving the right to assert other defenses as discovery proceeds:

## FIRST AFFIRMATIVE DEFENSE

82.     Solaris avers that the designs depicted in Registration Nos. 2,710,741; ,778,352; and 1,979,345 (collectively, the "Asserted Marks") are functional and therefore invalid.  On information and belief, Georgia-Pacific has advertised the utilitarian advantages of the designs, and Georgia-Pacific owns one or more utility

patents that disclose the utilitarian advantages of the designs in connection with bath tissue, including without limitation U.S. Patent Nos. 5,436,057; 5,573,830; 5,597,639; 5,620,776; and 5,874,156.   Georgia-Pacific is therefore barred from obtaining the requested relief pursuant to 15 U.S.C. § 1115(b).

## SECOND AFFIRMATIVE DEFENSE

83.     Solaris avers that a number of third parties have used and are using designs similar to the Asserted Marks on bath tissue products, rendering such designs commonplace, weak, and entitled to little or no trademark protection.

## THIRD AFFIRMATIVE DEFENSE

84.     Solaris avers that there is no likelihood of confusion between its Victoria Bay bath tissue design and the Asserted Marks.

## FOURTH AFFIRMATIVE DEFENSE

85.     Solaris avers that there is no likelihood of dilution between its Victoria Bay bath tissue design and the Asserted Marks.

## FIFTH AFFIRMATIVE DEFENSE

86.     Solaris avers that it has acted in good faith at all times with respect to the allegations in the Complaint, and that its conduct has never been willful.

## SIXTH AFFIRMATIVE DEFENSE

87.     Solaris avers that Georgia-Pacific's claims are barred under the doctrine of unclean hands due to Georgia-Pacific's failure to disclose information and materials that are directly relevant to the allegations and claims in this Complaint, including without limitation Georgia-Pacific's utility patents that disclose the utilitarian advantages of the Asserted Marks in connection with bathroom tissue: United States Patent Nos. 5,436,057; 5,573,830; 5,597,639; 5,620,776; and 5,874,156. Georgia-Pacific failed to disclose the existence of its utility patents to this Court in its Complaint in this case or to the Patent and Trademark Office during the prosecution of the trademark applications that matured into the Asserted Marks, or during the maintenance of those registrations. Georgia-Pacific's conduct in failing to disclose this information and these materials has a direct and necessary relation to the claims Georgia-Pacific is asserting herein and to the relief Georgia-Pacific is seeking herein.

Solaris will rely on any and all other properly provable defenses developed from discovery and further investigation, reserving the right to amend this pleading to conform thereto.

WHEREFORE, Solaris requests this Court to enter an Order denying Georgia-Pacific its requested relief, dismissing the Complaint with prejudice, and

awarding Solaris all of its attorneys' fees, costs, and expenses, and such other and further relief as this Court deems just.

## COUNTERCLAIMS

For its counterclaims against counter-defendant Georgia-Pacific Consumer Products, LP, counter-plaintiff Solaris Paper, Inc. alleges as follows:

## THE PARTIES

1.      Counter-plaintiff Solaris Paper, Inc. is a Delaware corporation with its principal places of business at 13415 Carmenita Road, Santa Fe Springs, California 90670.  Solaris is hereinafter referred to as "Solaris."

2.      Upon information and belief, counter-defendant Georgia-Pacific Consumer Products, LP is a Delaware limited partnership with a principal place of business in Atlanta, Georgia.  Georgia-Pacific Consumer Products, LP (along with its predecessors-in-interest) is hereinafter referred to as "Georgia-Pacific."

## JURISDICTION AND VENUE

3.      These counterclaims arise under the Federal Declaratory Judgment Act, the Lanham Act, more particularly, under 28 U.S.C. §§ 2201, 2202; 15 U.S.C. §§ 1051 *et seq.*; 28 U.S.C. §§ 1331 and 1338; and the principles of supplemental jurisdiction as provided in 28 U.S.C. § 1367.

4.     Georgia-Pacific has filed the Complaint against Solaris seeking, *inter alia*, a judgment that Solaris has infringed U.S. Registration Nos. 1,778,352 ("'352 Mark"); 2,720,741 ("'741 Mark"); and 1,979,345 ("'345 Mark") (collectively, the "Asserted Marks").   An immediate and justiciable controversy exists between Georgia-Pacific and Solaris regarding the alleged infringement and validity of these marks.

5.     This Court has personal jurisdiction over Georgia-Pacific because Georgia-Pacific has submitted to the jurisdiction of this Court by filing the Complaint.

6.     Venue is proper in this Court because Plaintiffs filed the Complaint in this Court, and pursuant to 28 U.S.C. § 1391(b).

## COUNTERCLAIM I
## CANCELLATION OF TRADEMARK REGISTRATION NO. 2,720,741

7.     Solaris repeats and realleges its allegations in Paragraphs 1 through 6 of its Counterclaims as if fully set forth herein.

8.     On or about October 9, 2001, Georgia-Pacific, itself or through a predecessor, filed a trademark application for registration of a design for bathroom tissue and facial tissue.   Such trademark application was given Serial No. 76/332,536.

9.      Georgia-Pacific's trademark application for registration of the subject design matured into Registration No. 2,710,741, issued on April 29, 2003 for bathroom tissue and facial tissue.  Georgia-Pacific asserts this registration against Solaris in the Complaint.

10.      The design that is depicted in the '741 Mark is functional and therefore is not entitled to trademark protection.  Georgia-Pacific has advertised the utilitarian advantages of the design and owns one or more utility patents that disclose the utilitarian advantages of the design in connection with bathroom tissue.  See, for example, U.S. Patent Nos. 5,436,057; 5,573,830; 5,597,639; 5,620,776; and 5,874,156.

11.      Because the design is functional, the '741 Mark is subject to cancellation pursuant to 15 U.S.C. §§ 1064 and 1119.  Under these circumstances, the continued registration of the '741 Mark by Georgia-Pacific in connection with the involved goods seriously damages Solaris.  Solaris requests that the registration for the '741 Mark be canceled and that the Court declare the Solaris does not infringe the subject design.

**COUNTERCLAIM II**
**CANCELLATION OF TRADEMARK REGISTRATION NO. 1,778,352**

12.      Solaris repeats and realleges its allegations in Paragraphs 1 through 11 of its Counterclaims as if fully set forth herein.

13.     On or about August 2, 1991, Georgia-Pacific, itself or through a predecessor, filed a trademark application for registration of a design for bathroom tissue.  Such trademark application was given Serial No. 74/191,093.

14.     Georgia-Pacific's trademark application for registration of the subject design matured into Registration No. 1,778,352, issued on June 22, 1993 for bathroom tissue.  Georgia-Pacific asserts this registration against Solaris in the Complaint.

15.     The design that is depicted in the '352 Mark is functional and therefore is not entitled to trademark protection.  Georgia-Pacific has advertised the utilitarian advantages of the design and owns one or more utility patents that disclose the utilitarian advantages of the design in connection with bathroom tissue.  See, for example, U.S. Patent Nos. 5,436,057; 5,573,830; 5,597,639; 5,620,776; and 5,874,156.

16.     Because the design is functional, the '352 Mark is subject to cancellation pursuant to 15 U.S.C. §§ 1064 and 1119.  Under these circumstances, the continued registration of the '352 Mark by Georgia-Pacific in connection with the involved goods seriously damages Solaris.  Solaris requests that the registration for the '352 Mark be cancelled and that the Court declare the Solaris does not infringe the subject design.

## COUNTERCLAIM III
## CANCELLATION OF TRADEMARK REGISTRATION NO. 1,979,345

17.     Solaris repeats and realleges its allegations in Paragraphs 1 through 16 of its Counterclaims as if fully set forth herein.

18.     On or about December 19, 1994, Georgia-Pacific, itself or through a predecessor, filed a trademark application for registration of a design for bathroom tissue.  Such trademark application was given Serial No. 74/612,659.

19.     Georgia-Pacific's trademark application for registration of the subject design matured into Registration No. 1,979,345, issued on June 11, 1996 for bathroom tissue.  Georgia-Pacific asserts this registration against Solaris in the Complaint.

20.     The design that is depicted in the '345 Mark is functional and therefore is not entitled to trademark protection.  Georgia-Pacific has advertised the utilitarian advantages of the design and owns one or more utility patents that disclose the utilitarian advantages of the design in connection with bathroom tissue.  See, for example, U.S. Patent Nos. 5,436,057; 5,573,830; 5,597,639; 5,620,776; and 5,874,156.

21.     Because the design is functional, the '345 Mark is subject to cancellation pursuant to 15 U.S.C. §§ 1064 and 1119.  Under these circumstances, the continued registration of the '345 Mark by Georgia-Pacific in connection with

the involved goods seriously damages Solaris.  Solaris requests that the registration

for the '345 Mark be cancelled and that the Court declare the Solaris does not

infringe the subject design.

## COUNTERCLAIM IV
## DECLARATORY JUDGMENT OF NONINFRINGEMENT
## OF TRADEMARK REGISTRATION NO. 2,720,741

22.     Solaris repeats and realleges its allegations in Paragraphs 1 through 12

of its Counterclaims as if fully set forth herein.

23.     An active controversy exists between Georgia-Pacific and Solaris as to

the alleged infringement of the '741 Mark.

24.     Georgia-Pacific has no trademark rights in the '741 Mark because the

design is functional, and the '741 Mark is not a valid mark.

25.     There is no likelihood of confusion between Solaris' Victoria Bay bath

tissue design and the '741 Mark.

26.     Solaris' Victoria Bay design does not infringe the '741 Mark or any

other trademark rights asserted by Georgia-Pacific in the design that is the subject

of the '741 Mark.

## COUNTERCLAIM IV
## DECLARATORY JUDGMENT OF NONINFRINGEMENT
## OF TRADEMARK REGISTRATION NO. 1,778,352

27.     Solaris repeats and realleges its allegations in Paragraphs 1 through 22 of its Counterclaims as if fully set forth herein.

28.     An active controversy exists between Georgia-Pacific and Solaris as to the alleged infringement of the '352 Mark.

29.     Georgia-Pacific has no trademark rights in the '352 Mark because the design is functional, and the '352 Mark is not a valid mark.

30.     There is no likelihood of confusion between Solaris' Victoria Bay bath tissue design and the '352 Mark.

31.     Solaris' Victoria Bay design does not infringe the '352 Mark or any other trademark rights asserted by Georgia-Pacific in the design that is the subject of the '352 Mark.

## COUNTERCLAIM VI
## DECLARATORY JUDGMENT OF NONINFRINGEMENT
## OF TRADEMARK REGISTRATION NO. 1,979,345

32.     Solaris repeats and realleges its allegations in Paragraphs 1 through 32 of its Counterclaims as if fully set forth herein.

33.     An active controversy exists between Georgia-Pacific and Solaris as to the alleged infringement of the '345 Mark.

34.     Georgia-Pacific has no trademark rights in the '345 Mark because the design is functional, and the '345 Mark is not a valid mark.

35.     There is no likelihood of confusion between Solaris' Victoria Bay bath tissue design and the '345 Mark.

36.     Solaris' Victoria Bay design does not infringe the '345 Mark or any other trademark rights asserted by Georgia-Pacific in the design that is the subject of the '345 Mark.

**WHEREFORE**, Solaris demands:

1.     That the Court order cancellation of Registration No. 2,710,741 pursuant to section 37 of the Lanham Act, 15 U.S.C. § 1119.

2.     That the Court issue an order that Solaris has not infringed Registration No. 2,710,741.

3.     That the Court order cancellation of Registration No. 1,778,352 pursuant to section 37 of the Lanham Act, 15 U.S.C. § 1119.

4.     That the Court issue and order that Solaris has not infringed Registration No. 1,778,352.

5.     That the Court order cancellation of Registration No. 1,979,345 pursuant to section 37 of the Lanham Act, 15 U.S.C. § 1119.

6.      That the Court issue and order that Solaris has not infringed Registration No. 1,979,345.

7.      That the Court enter judgment declaring and adjudging that Solaris' actions as alleged in the Complaint do not violate any alleged rights of Georgia-Pacific.

8.      That this Court award to Solaris all reasonable attorneys' fees, costs and disbursements incurred as a result of this action, pursuant to 15 U.S.C. § 1117.

9.      That Solaris shall have such other and further relief as this Court may deem just.

Respectfully submitted,

Date: September 21, 2010

s/ J. David Hopkins
J. David Hopkins
Georgia Bar No.  366505
Locke Lord Bissell & Liddell, LLP
1170 Peachtree Street, N.E.
The Proscenium, Suite 1900
Atlanta, Georgia 30309
dhopkins@lockelord.com

Craig L. Mytelka
cmytelka@williamsmullen.com
William R. Poynter
wpoynter@williamsmullen.com
WILLIAMS MULLEN
222 Central Park Avenue, Suite 1700
Virginia Beach, VA 23462
*PRO HAC VICE PENDING*

*Attorneys for Defendant Solaris
Paper, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

---

|  |  |  |
|---|---|---|
| GEORGIA-PACIFIC CONSUMER PRODUCTS, LP, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:10-cv-2449-MHS |
| SOLARIS PAPER, INC., | ) ) ) | |
| Defendant. | ) ) | |

---

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that on September 21, 2010, I electronically filed the foregoing **DEFENDANT SOLARIS PAPER, INC.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT** with the clerk of court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

William H. Brewster
R. Charles Henn Jr.
Charles H. Hooker III
Kilpatrick Stockton
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309-4350

/s/ J. David Hopkins
J. David Hopkins
Georgia Bar No. 366505
LOCKE LORD BISSELL & LIDDELL,
LLP
1170 Peachtree Street, N.E.
The Proscenium, Suite 1900
Atlanta, Georgia 30309
Tel. (404) 870-4600
Fax (404) 806-5677
dhopkins@lockelord.com
*Attorney for Defendant*